UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAIME NELSON-MOLNAR,
individually and as next friend of
J.W., a minor,

Plaintiff,

-vs-

ANN ARBOR PUBLIC SCHOOLS,
MICHAEL JOHNSON in his official
capacity of Principal of Carpenter
Elementary School, and DURHAM
SCHOOL SERVICES LP, d/b/a
DURHAM TRANSPORTATION,

Defendants.

Case No. 2:23-cv-11810-JEL-APP
Hon. Judith E. Levy
Magistrate Judge Anthony P. Patti

/

MEGAN BONANNI (P52079)
DANIELLE Y. CANEPA (P82237)
BETH RIVERS (P33614)
Pitt McGehee Palmer Bonanni & Rivers
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com
dcanepa@pittlawpc.com
brivers@pittlawpc.com

CINNAMON A. PLONKA (P60979)
KYLE WARWICK (P78820)
Zausmer, P.C.
Attorneys for Defendants Durham Transportation
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334-1574
(248) 851-4111 / (248) 851-0100 Fax
cplonka@zausmer.com
kwarwick@zausmer.com

DARICE E. WEBER (P52804)
SECREST WARDLE
Attorney for Defendant AAPS
2600 Troy Center Drive/P.O. Box 5025
Troy, MI 48007-5025
(248) 851-9500/(248) 538-1223 Fax
dweber@secrestwardle.com

MICHAEL D. CROW (P51538)
Crow Law Firm
Attorneys for Defendant Johnson
16842 Kercheval Avenue
Grosse Pointe, MI 48230
(313) 925-2999 / (313)925-2998 Fax
mike@thecrowfirm.com

/

# ***DEFENDANT MICHAEL JOHNSON'S WITNESS LIST AND EXPERT LIST***

NOW COMES Defendant, Michael Johnson, by and through his attorneys, Crow Law Firm, and lists witness for his Witness List as follows:

1. Jamie Nelson-Molnar, c/o Plaintiff's counsel;

2. Plaintiff's minor, J.W., c/o Plaintiff's counsel;

3. Any and all family and/or friends of Jamie Nelson-Molnar and/or J.W., c/o Plaintiff's counsel, including, but not limited to, the following:

    a. Kole Stephen Wukie;

4. Any and all employees and/or ostensible agents, past or present, of Ann Arbor Public Schools, c/o Darcie E. Weber, Esq. including, but not limited to, the following:
    a. Sara Operacz;
    b. Julie Stier Williams;
    c. Audra Holdorf;
    d. Carissa Perry;
    e. Terra Webster;
    f. Cheryl Brown;
    g. Derek Gramza;
    h. Liz Margolis;
    i. Marianne Fidishin;
    j. Carissa Perry;
    k. Dr. Jeanice Swift;
    l. John Gasloli;
    m. Melita Alston;
    n. Shonte Langford;
    o. Sabrina McKenzie;

5. Any and all employees and/or ostensible agents, past or present, of Durham Transportation, c/o Cinnamon A. Plonka, Esq. and/or Kyle Warwick, Esq. including, but not limited to, the following:
    a. Charles Bugg;
    b. Rochanda Jefferson;
    c. Ed Gallagher;
    d. Cheryl Henrion;

e. Malachi Martin;

6. Michael Johnson, c/o Michael D. Crow, Esq.;

7. Sara Operacz, c/o Dean Elliot, Esq., 201 E 4th St, Royal Oak, MI 48067;

8. Any and all students, past or present, of Carpenter Elementary School including, but not limited to, the following:
   a. JW, a minor;
   b. GW, a minor;
   c. DH, a minor;
   d. K, a minor;

9. Any and all employees and/or ostensible agents, past or present, of Pittsfield Township Police including, but not limited to, the following:
   a. Detective Kyle Erskine;

10. Any and all employees and/or ostensible agents, past or present, of Washtenaw County Sheriff's Office, 2201 Hogback Road Ann Arbor, MI 48105, identities are currently unknown

11. Any and all employees and/or ostensible agents, past or present, of Ann Arbor Police Department, 301 E Huron St, Ann Arbor, MI 48104, identities are currently unknown

12. Any and all employees and/or ostensible agents, past or present, of Michigan Department of Health & Human Services Children's Protective Services, 22 Center Street, Ypsilanti, MI 48198, identities are currently unknown

13. Any and all employees and/or ostensible agents, past or present, of Plaintiff's past, present or prospective employers, identities are currently unknown;

14. Any and all employees and/or ostensible agents, past or present, of all facilities, organizations, educational facilities, residential facilities, healthcare providers, doctors and/or medical facilities(*) that have seen, examined, and/or rendered medical care and/or assistance to Plaintiff and/or Plaintiff's minor, J.W., prior to and subsequent to the alleged

incident described in the Complaint including, but not limited to, the following:

a. ABA Insight (including Abigail Shonfield);
b. Ann Arbor Center for the Family;
c. Ann Arbor Parks and Recreation;
d. Autism Spectrum Therapies;
e. Creating Brighter Futures;
f. Early Childhood Center of VBPS;
g. Genesee Lake School (including Dr. Vahid Osman, Amy Peters, Katelyn Holstein, Callie Kleist, Taylor Bush, Rebecca Urban-Glover, Emily Richter, Melissa Wacek, Heather Lynd, Kayla Wheeler, "Patrick", Nathan Taylor, Dr. Thumnar, Suzanne M. Sass-Deruyter);
h. Happy Days Haggerty;
i. Harbor Oaks Impatient Psychiatric Hospital;
j. Huron Valley Ambulance;
k. IHA West Arbor (including Dr. Sara Sandvig);
l. Manchester Community Schools;
m. Michigan Medicine - University of Michigan;
n. MyPath;
o. Progress Park School;
p. Rawsonville Elementary;
q. Rise Psychiatric Services;
r. Saint Joesph Mercy Hospital;
s. Saint Joseph Mercy Hospital Radiology;
t. Samantha Toma, CSW;
u. Special Olympics Wisconsin;
v. Spectrum Rehabilitation Center;
w. Spectrum Therapy Center;
x. Sunfield Center;
y. Therapy Works;
z. Total Spectrum ABA;
aa. Trinity Health IHA Medical Group;
bb. Trinity Health IHA Medical Group – Primary Care – West Arbor;
cc. Trinity Health SE Michigan Shared Services;
dd. University of Michigan Hospital;
ee. University of Michigan Hospital Billing;

ff. University of Michigan Hospital Psychiatric;
gg. University of Michigan Hospital Radiology;
hh. University of Michigan Children's Inpatient Psychiatric Unit;
ii. Van Buren Public Schools;
jj. Veterans Memorial Park, Pool & Ice Arena;
kk. Washtenaw Community Mental Health;
ll. Washtenaw County Community Mental Health (including Dr. Andrea Mobilio);
mm. Washtenaw Intermediate School District;
nn. Westerman Preschool and Family Center;
oo. Willow Integrated Therapy;

15. Any and all employees and/or ostensible agents, past or present, of Plaintiff's and/or Plaintiff's minor's educational facilities, including, but not limited to, the following:
    a. Early Childhood Center of VBPS
    b. Genesee Lake School (including Dr. Vahid Osman);
    c. Manchester Community Schools;
    d. MyPath;
    e. Progress Park School;
    f. Sunfield Center;
    g. Van Buren Public Schools;
    h. Washtenaw Intermediate School District;
    i. Lakewood Elementary School;

16. Any and all employees and/or ostensible agents, past or present, of any ambulance/transportation services(*) transporting Plaintiff and/or Plaintiff's minor to the hospital or any medical treater/facility, identities are currently unknown;

17. Any and all employees and/or ostensible agents, past or present, of insurance companies paying benefits to or on behalf of Plaintiff and/or Plaintiff's minor, identities are currently unknown;

18. Any and all employees and/or ostensible agents, past or present, of any and all clubs Plaintiff and/or Plaintiff's minor have been associated with, including, but not limited to, the following:
    a. Special Olympics;

19. Any and all employees and/or ostensible agents, past or present, of any and all pharmacies who filled prescriptions for Plaintiff and/or Plaintiff's minor, identities are currently unknown;

20. Any and all neighbors of Plaintiff and/or Plaintiff's minor, past or present, identities are currently unknown;

21. Any and all witnesses to this cause of action, identities are currently unknown

22. Any and all employees and/or ostensible agents, past or present, of the police departments, courts or any other entities investigating Plaintiff and/or Plaintiff's minor or any incident involving Plaintiff and/or Plaintiff's minor(*), identities are currently unknown;

23. Any and all employees and/or ostensible agents, past or present, of any entity with which Plaintiff has a criminal history(*), identities are currently unknown;

24. Any and all employees and/or ostensible agents, past or present, of any and all entities with which Plaintiff and/or Plaintiff's minor have a litigation history, identities are currently unknown;

25. Any and all employees and/or ostensible agents, past or present, of Credit Acceptance Corporation, 25505 W 12 Mile Rd, Southfield, MI 48034;

26. Any and all employees and/or ostensible agents, past or present, of Michigan Department of Licensing and Regulatory Affairs, Bureau of Health Care Services, Health Professions Licensing Division, Michigan Medical Marihuana Program, P.O. Box 30083, Lansing, MI 48909;

27. Any and all employees and/or ostensible agents, past or present, of National Government Services, 8115 Knue Road, Indianapolis, IN 46250;

28. Any and all employees and/or ostensible agents, past or present, of United States Internal Revenue Service, 477 Michigan Ave., Detroit, MI 48226;

29. Any and all employees and/or ostensible agents, past or present, of the Michigan Department of Treasury, 3060 West Grand Boulevard, Detroit, MI 48202;

30. Any and all employees and/or ostensible agents, past or present, of Michigan Department of Community Health, 320 S. Walnut, Lansing, MI;

31. Any and all employees and/or ostensible agents, past or present, of Wisconsin Physicians Service, 912 North Pentecost Road Marion, IL 62959;

32. Any and all employees and/or ostensible agents, past or present, of Bureau of Worker's Disability Compensation, 7150 Harris Dr., Lansing, Michigan 48909;

33. Any and all employees and/or ostensible agents, past or present, of Social Security Administration, 3450 Biddle Ave., Wyandotte, MI 48192;

34. Any and all employees and/or ostensible agents, past or present, of Social Security Disability Administration, 3400 Conner Avenue, Detroit, MI 48215;

35. Any and all employees and/or ostensible agents, past or present, of Michigan Unemployment Agency and/or MESC and/or Michigan Works, 3024 W. Grand Blvd., Detroit, MI 48202;

36. Any and all employees and/or ostensible agents, past or present, of United States Bankruptcy Court, 211 W. Fort St., Ste. 2100, Detroit, MI 48226;

37. Any and all employees and/or ostensible agents, past or present, of Centers for Medicare and Medicaid Services, 7500 Security Boulevard, Baltimore, MD 21244;

38. Any and all employees and/or ostensible agents, past or present, of Michigan Department of Human Services, 235 S. Grand Ave., S-715, Lansing, MI;

39. Any and all employees and/or ostensible agents, past or present, of Facebook, Inc./Instagram, 1 Hacker Way, Building 14 First Floor. Menlo Park, California;

40. Any and all records custodians for any and all listed entities;

41. All witnesses listed by all parties to this cause of action;

42. All witnesses who become known through the course of discovery;

43. All rebuttal witnesses as necessary;

44. Any and all employees and/or ostensible agents, past or present, of any entity conducting any investigations and/or or obtaining surveillance videos and/or photographs of Plaintiff during the course of this litigation including, but not limited to, the following:
    a. Sedgwick Factual Photo, Inc., P.O. Box 5076, Memphis, TN;
    b. Frasco Investigative Services, 215 W. Alameda Ave., Burbank, CA 91502;
    c. The Robinson Group, 25600 Woodward Ave., Ste. 200, Royal Oak, MI;
    d. Litigation Solutions, LLC, 101 Towne Square Way, Suite 251, Pittsburgh, PA 15227;
    e. Advantage Surveillance, Inc., 360 Commercial Park Dr., Thomasville, NC 27361;

45. Any and all employees and/or ostensible agents, past or present, of the Michigan Protection & Advocacy Services;

46. Any and all employees and/or ostensible agents, past or present, of Child Protective Services;

47. Any and all employees and/or ostensible agents, past or present, of Michigan Occupational Safety and Health Administration (MIOSHA);

48. Any and all employees and/or ostensible agents, past or present, of Michigan Department of Health & Human;

49. Any and all employees and/or ostensible agents, past or present, of Veracity Forensics, 5220 Spring Valley Rd., Dallas, TX 75254, including but not limited to Daniel D. Farr;

50. Any and all employees and/or ostensible agents, past or present, of Seon, d/b/a Safe Fleet, 6800 E. 163rd St., Belton, MO 64012;

51. Any and all employees and/or ostensible agents, past or present, of any cell phone providers of the Plaintiffs and/or any listed witnesses;

52. Neelkamal Soares, MD – Expert, Youth Behavioral and Developmental Disabilities, 6762 Brickleton Ct., Portage, MI 49024;

53. Jeffrey Meyers, CVA, MAFF, CFE – Expert, Damages/Economics, 433 Metairie Rd., Suite 215, Metairie, LA 70005 ;

54. Dr. Paul Sicilian – Potential Expert, Damages/Economics 4229 Piute Dr., SW, Grandville, MI 49418;

55. Melissa Keddington, RN, BSN, JD, CCP –Expert, Life Care Planner, 315 N. Puente Street, Unit A, Brea, California 92821;

56. A vocational expert to be named later;

57. Any and all necessary expert witnesses matching Plaintiffs' expert witness credentials;

58. Any and all expert witnesses listed by Plaintiffs, whether or not the listing party calls those witnesses at trial;

59. Any and all expert witnesses listed by Co-Defendants, whether or not the listing party calls those witnesses at trial;

60. Any and all necessary expert witnesses for foundation and the authentication of any documents, records or exhibits;

61. Custodians of records, past and/or present, for any witness listed by any party to this cause of action;

62. Any and all witnesses identified in Plaintiffs' Initial Disclosures, or Lay and Expert Witness List, subject to the objection of Defendant Johnson;

63. Any and all witnesses identified in Plaintiffs' Expert Witness Disclosures, subject to the objection of Defendant Johnson;

64. Any and all witnesses identified in Plaintiffs' Expert Witness report, subject to the objection of Defendant Johnson;

65. Any and all witnesses identified in the Initial Disclosures, Lay Witness and/or Expert Witness Lists and/or Expert Witness Disclosures of any other parties including Defendant Ann Arbor Public School and Defendant Durham, subject to the objection of Defendant Johnson;

66. The person(s) who were present at the time of the alleged incident(s) and/or who arrived on the scene of the alleged incident(s) after it was reported to Defendant Durham, subject to the objection of Defendant Johnson;

67. Any persons and/or all other persons who Plaintiffs allege gave rise to the incidents stated in Plaintiffs' Complaint or who are responsible, in whole and/or in part, for Plaintiffs' alleged injuries/damages, subject to the objection of Defendant Johnson;

68. Any and all witnesses who have information regarding the alleged incident described in Plaintiffs' Complaint that become known through the course of further discovery, subject to the objection of Defendant Johnson;

69. Michelle Simon, Vice President of Safety Compliance, National Express c/o Cinnamon A. Plonka and/or Kyle Warwick, Esq.;

70. Defendants reserve the right to supplement and/or amend their Witness List up to and through the time of trial as any additional witnesses become known.

(*)These individuals are factual witnesses, who may have relevant expertise and, as a result, provide expert testimony.

Respectfully submitted,

CROW LAW FIRM

BY: /s/ Michael D. Crow______________
MICHAEL D. CROW (P51538)
Attorney for Defendant Johnson
16842 Kercheval Avenue
Grosse Pointe, MI 48230
(313) 925-2999 / (313) 925-2998 Fax
mike@thecrowfirm.com

Dated: November 6, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, the foregoing paper was electronically filed with the Clerk of the Court by using the ECF system, which will send notification of said filing to all counsel of record.

_/s/Michael D. Crow________________________
MICHAEL D. CROW (P51538)
16842 Kercheval Avenue
Grosse Pointe, MI 48230
(313) 925-2999 / (313) 925-2998 Fax
mike@thecrowfirm.com