# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is entered into by Jaime Nelson-Molnar, individually and as Next Friend of her Minor Son [redacted] ("J.W.") (together, Plaintiffs), on the one hand, and Durham School Services LP d/b/a Durham Transportation ("Defendant") on the other. Hereinafter, Plaintiffs and the Defendant are referred to collectively as the "Parties" or individually as a "Party."

WHEREAS, Plaintiff asserted various claims against Defendant alleging violations of state and federal law in the civil action *Nelson et. al. v. Ann Arbor Public Schools*, *et al.*, Case No. 2:23-cv-11810 (E.D. Mich. 2023).

WHEREAS, the Defendant denies Plaintiffs' claims and any other alleged violations of law.

WHEREAS, Plaintiff and Defendant have mutually and voluntarily agreed to resolve Plaintiffs' claims and avoid further protracted litigation.

NOW, THEREFORE, in sole consideration for the promises and covenants set forth herein, Plaintiff and the Defendants agree as follows:

## TERMS

### 1. Consideration

The Parties agree that this Release is based upon the exchange of good and valuable consideration between them as set forth more fully herein, the adequacy or sufficiency of which is hereby acknowledged by all Parties.

### 2. Settlement Payment

In consideration for the terms and conditions provided herein, including Plaintiff, Jaime Nelson-Molnar, individually and as Next Friend of J.W., a minor's complete release of any and all claims, the Defendant, Durham School Services LP, d/b/a Durham Transportation, shall pay (or have paid on its behalf) Plaintiff, Jaime Nelson-Molnar, individually and as Next Friend of J.W., a minor, a total of [redacted] by issuing one or more checks made payable (jointly) to "Jaime Nelson-Molnar, individually and as Next Friend of J.W., a minor, & Pitt McGhee Palmer Bonanni & Rivers." (the "Settlement Payment"). The entire Settlement Payment, after attorney fees and costs, shall be paid into an irrevocable special needs trust for the sole benefit of the minor plaintiff, [redacted] ("the Trust").

The Settlement Payment will be made in two checks as follows:

i. One check in the gross amount of [redacted], made payable to Jaime Nelson-Molnar, Trustee of the [redacted] Supplemental

Needs Trust, dated May 28, 2026. No withholdings will be made from this amount.

ii. One check in the gross amount of [redacted], allocated to attorneys' fees and costs, made payable to Pitt McGehee Palmer Bonanni & Rivers PC, Tax ID No. 38-3075067. No withholdings will be made from this amount.

(c) The Settlement Payment checks shall be delivered to:

Megan Bonanni
Pitt McGehee Palmer Bonnani & Rivers PC
117 West 4th Street, Suite 200
Royal Oak, Michigan 48067

**3. Release**

Plaintiff, individually and as Next Friend of J.W., a minor, hereby fully and forever releases, acquits, and discharges the Defendant and its current and former subsidiaries, parent corporations, owners, directors, officers, shareholders, employees, agents, successors, assigns, attorneys, administrators, insurers, sister or related companies, contractors or any other representatives (hereinafter, collectively referred to as the "Released Parties"). This release and discharge includes any and all liability on account of any and all claims, demands, actions or causes of action, whether in law or in equity or otherwise, whether in contract or tort, or pursuant to any statute, ordinance or regulation, whether presently discoverable or undiscoverable, whether suspected or claimed, which Plaintiff, individually and as next friend of J.W., has or may have, which are known or unknown, which arise directly or indirectly from events or circumstances existing as of the date of this Agreement and which were brought or could have been brought in *Jaime Nelson-Molnar, individually and as Next Friend of J.W., a minor, v Ann Arbor Public Schools, Michael Johnson, in his official capacity of Carpenter Elementary School, and Durham School Services LP, d/b/a Durham Transportation*, Case No. 5:23-cv-11810-LJM-APP, filed in the United States District Court for the Eastern District of Michigan. Plaintiff agrees that this provision is intended as a complete, full and final release of any and all claims, whether past,
present, or in the future.

**4. Execution of Documents**

Plaintiff, by and through her attorneys, agrees to sign any documents necessary to effectuate the settlement, including, but not limited to, providing a W-9 and seeking approval in a court of competent jurisdiction.

**5. Approval by Court of Competent Jurisdiction**

Prior to the Settlement Payment being issued to Plaintiff's attorneys, Plaintiff will obtain

approval of the settlement from a court of competent jurisdiction. Plaintiff acknowledges that Defendant is an interested party to that hearing and shall provide Defendant with reasonable notice of the approval hearing and an opportunity to attend. The Settlement Payment shall not be due until an order approving the settlement is entered and tendered to Defendant.

**6. No Admission of Liability**

The Parties understand, acknowledge, and agree that the consideration for this Agreement reflects a compromise of disputed claims; that this consideration is not to be construed as an admission of liability, which is expressly denied; and that said consideration is intended merely to avoid continued litigation with respect to said claims.

**7. [redacted]**

[redacted]

**8. [redacted]**

[redacted]

**9. Liens**

Plaintiff agrees that the Plaintiff shall be responsible for any and all lawful liens related to and/or arising out of any care, treatment, and/or other services provided to Plaintiff, individually and as Next Friend of J.W., a minor, including but not limited to any liens asserted by Medicare, Medicaid, the State of Michigan, the State of Wisconsin, and private health insurance (if any).

**10. Medicare**

The parties acknowledge that Plaintiff, individually and as Next Friend of J.W., has not received Medicare health insurance coverage. Therefore, there is no need to comply with the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y, and to protect Medicare's interests, if any, in this Agreement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance).

Plaintiff, individually and as Next Friend of J.W., agrees to defend, indemnify, protect and hold harmless Defendant and/or the Released Parties from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorneys' fees, whatsoever made by or sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits providers, workers compensation carrier, Medicare, or any other entity arising in whole or in part out of the care and treatment, or in any way connected to the care and treatment, provided to Plaintiff, individually and as Next Friend of J.W., for the injury/injuries alleged in this matter. This includes, but is not limited to, the failure to pay any unpaid medical bills or expenses, or to otherwise fail to protect Medicare's interests under the MSP Act which exceed the amounts set forth in any final letters issued by these agencies.

**11. Entire Agreement**

The Parties acknowledge that the promises and covenants contained in this Agreement are the sole and total agreement between the Parties; that there are no covenants, promises, agreements or representations between the Parties other than as contained in this Agreement; and that in accepting the terms of this Agreement, the Parties have not relied upon any promises, covenants, agreements or representations other than as expressed in this Agreement.

**12. Modifications and Amendments**

The Parties agree that the terms of this Agreement cannot be changed, altered, modified, amended, or added to except in a writing that specifically refers to this Agreement and is signed by the Parties. The Parties expressly waive application of any local, state, federal, or foreign law, statute or judicial decision allowing verbal modifications, amendments, or additions to a contract notwithstanding an express provision requiring a writing signed by the Parties.

**13. Controlling Law**

This Agreement and all questions relating to its validity, interpretation, performance, and inducement shall be governed by and construed, interpreted, and enforced in accordance with the substantive laws of the State of Michigan, without reference to its conflict of law principles.

**14. Representations, Warranties, and Covenants**

The Parties represent, warrant, and covenant as follows:

a. They have obtained legal advice concerning the meaning and effect of this Agreement and they have had sufficient time to consider the meaning and effect of this Agreement;

b. They have read, are fully aware, and clearly understand all of the terms and provisions contained in this Agreement and voluntarily accept those terms and provisions by entering into this Agreement;

c. This Agreement was executed in accordance with all applicable requirements of law;

d. They have taken all necessary action to authorize the execution, delivery, and performance of this Agreement and have the authority to execute, deliver, and perform this Agreement and all the transactions contemplated hereby;

e. No consent, approval, or authorization of any person not a Party to this Agreement is required as a condition to the valid execution, delivery, performance, or enforceability of this Agreement, or any other document executed in connection with this Agreement, with the exception of approval from the Court as referenced above in section 4; and;

f. This Agreement is legal, valid, and binding against the Parties in accordance with its terms.

g. Confidentiality of this Agreement is mutually beneficial to the parties and all payments made to Plaintiff are intended as payments, as defined pursuant to Internal Revenue Code Section 104(a)(2), and not for confidentiality purposes.

**15. Effective Date**

The Effective Date of this Agreement shall be the date that Plaintiff executes this Agreement.

**16. Severability**

If any court shall determine that any provision herein is unenforceable, the Parties agree that any such provision, or part thereof, shall be reformed and construed consistent with the apparent purpose of the provision in order to avoid its unenforceability, or, in the event that reformation is not possible, the provision shall be severed and all remaining provisions shall remain in full force and effect.

**17. Construction**

This Agreement is the result of negotiations between the Parties, who are represented by counsel. This Agreement shall not be construed for or against any Party, but shall be construed according to its plain meaning. Paragraph headings in this Agreement appear for the convenience of the Parties only, and shall not be used in the interpretation of the Agreement.

**18. Survival**

Each term of this Agreement is contractual and not merely a recital. All representations and warranties made herein shall survive the execution of this Agreement.

**Jaime Nelson-Molnar,**
**Individually and as Next Friend of J.W., a Minor**

______________________________
Signature

______________________________
Date

**Durham School Services**
**LP d/b/a Durham Transportation**

______________________________
Signature

______________________________
Date